HON. JUDGE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GROUP14 TECHNOLOGIES, INC,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXEON LIMITED,<br><br>    Defendant. | CASE NO. 2:22-cv-01354-TSZ<br><br>**STIPULATION AND ORDER RE: PRODUCTION OF DOCUMENTS AND ESI** |

## 1.    <u>Purpose</u>

This Stipulation and Order ("Order") governs discovery of electronically stored information ("ESI") in this case; however, nothing in this Order shall be interpreted to require production of irrelevant information or disclosures beyond those required by the Federal Rules of Civil Procedure ("FRCP").  To the extent a party reasonably believes that compliance with this Order imposes an undue burden with respect to any protocol, document or source of documents, the parties shall promptly meet and confer in an effort to resolve the issue.

Further, the parties agree to make a good faith effort to identify discoverable sources of ESI and to ensure that this Order provides for production of all such information in a

reasonably usable form accompanied by metadata sufficient to accurately search and sort each party's production. The parties agree to meet and confer if they identify discoverable ESI sources that are not covered by the technical specifications in this Order.

**2.      Definitions**

The following definitions apply to this Order:

A.      **"Database"** means an electronic collection of structured data (often maintained in a non-custodial manner).

B.      **"Family"** means a group of static documents maintained as a single unit in the ordinary course of business (*e.g.*, an email and its attachments, but not, for example, an email containing hyperlinks).

C.      **"ESI"** or **"Electronic Document"** means electronically stored information as defined in FRCP 34.

D.      **"Extracted Text"** refers to the result of the process by which content of an Electronic Document is electronically extracted during eDiscovery processing.

E.      **"Native Format"** means the default format of ESI created by its associated software program and also includes the export format of documents that are not maintained in a usable Native Format.

F.      **"Optical Character Recognition"** or **"OCR"** refers to the result of the process by which a hard copy or non-searchable Electronic Document is scanned by a computer to capture text from the face of the document.

G.      **"Privileged Information"** refers to information subject to a claim of attorney-client privilege, work-product protection, or other privilege or immunity.

H.      **"Producing Party"** means any party or non-party in connection with this case that produces documents or information under this Order.

I.      **"Receiving Party"** means any party to this case who receives documents or information under this Order.

**3.      Production Format**

Subject to the exceptions for documents to be produced in Native Format, documents will be produced as Bates-stamped tagged image file format ("Tiff") images accompanied by an image load file, a data load file with fielded metadata, document-level extracted text for ESI, and OCR text for scanned hard copy documents and ESI that does not contain extractable text.  Detailed requirements, including files to be delivered in Native Format, are below.

A.      **De-duplication.**  The parties will use industry standard MD5 or SHA hash values at the Family level to globally deduplicate all files identified for production. Stand-alone Electronic Documents will not be compared to email attachments for deduplication purposes.  Hard copy documents containing handwritten notes will not be considered as duplicative of any other document.

B.      **Document Unitization.**  Where documents with attachments are produced, they will be attached in the same manner as included in the original file. Unless documents contain solely Privileged Information, parties will produce complete Document Families

where any portion of the Family contains relevant information.  Where documents are produced and the full Family is not included, the Producing Party will identify the missing attachments by means of a "place holder" file explaining why the document was not produced.  Where the Producing Party converts hard copy documents into electronic format, distinct documents must not be merged into a single record, and single documents must not be split into multiple records.  Hard copy documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these divisions.

C.      **Production Delivery.**  Productions shall be delivered via secure online data transfer or on an external hard drive if the size of a production makes online transfer impractical.

D.      **Encryption.**  To maximize the security of information in transit, the parties shall encrypt any media on which documents are produced.  In such cases, the Producing Party will separately transmit the encryption key or password and applicable instructions to the Receiving Party.

E.      **Tiff Image Requirements.**

i.      Tiff images will be produced in black and white, 300x300 dpi Group IV single-page format and will be consecutively Bates-stamped.

ii.      Images will include the following content where present:

a.      For word processing files (*e.g.*, Microsoft Word): Comments, "tracked changes," similar in-line editing and all hidden content.

b.      For presentation files (*e.g.*, Microsoft PowerPoint): Speaker notes, comments, and all other hidden content.

c.      For spreadsheet files (*e.g.*, Microsoft Excel – if applicable): Hidden columns, rows, and sheets; comments, and any similar in-line editing or hidden content.

F.      **Native Production Requirements.**

i.      Spreadsheet files (*e.g.*, Microsoft Excel and .csv files) and presentation files (*e.g.*, Microsoft PowerPoint) shall be provided in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

ii.      The parties may use a Native File redaction tool (*e.g.* "Blackout") to redact Privileged Information from documents produced in Native Format.

iii.      When redaction of a spreadsheet is necessary in image format, a redacted full Tiff version may be produced if the spreadsheet is manually formatted for optimal printing. If the spreadsheet requiring redaction is not reasonably usable in Tiff format, the parties will meet-and-confer to determine a suitable production format.

iv.      Media files (e.g. .mp3, .wmv, etc.) will be produced in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

v.      The parties will meet-and-confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review, Databases and Database reports, and any document types that cannot be accurately rendered or reviewed in image format.

vi.      The parties may request color copies of any documents that cannot be accurately reviewed in black and white Tiff format. Requests by a Receiving Party for color documents should not be unreasonably refused.

G.      **Load Files.**  A Concordance compatible data load file will be provided with each production volume containing a header row listing all metadata fields included in the volume. Image load files will be produced in Concordance/Opticon compatible format.

H.      **Extracted Text/OCR**

i.      Extracted Text must be provided if available for documents collected from electronic sources. Text generated via OCR shall be provided for all documents that do not contain electronically extractable text (*e.g.*, non-searchable PDF files or JPG images), for documents redacted in image format, and hard copy documents. The parties will not degrade the searchability of documents as part of the document production process.

ii.      Document text will be produced as separate, document-level text files and will not be embedded in the metadata load file.

iii.      Text files will be named according to the beginning Bates number of the document to which they correspond.

iv.      If a document is provided in Native Format, the text file will contain the Extracted Text of the native file.

I.      **Metadata.**   The parties agree to produce the metadata fields listed in Appendix A to this Order where applicable.  Aside from metadata fields generated during eDiscovery processing and production (*e.g.*, Bates numbers, hash and custodian values,

1   etc.), the Producing Party is not obligated to produce metadata from a document if metadata

2   is not reasonably available.

3   **4.      Documents Protected from Discovery**

4       • **Review and Redaction.**  Documents containing both Privileged Information

5   and responsive non-Privileged Information will be produced with the Privileged

6   Information redacted in such a way as to show the location of the redaction within the

7   document. Nothing in this Order shall relieve a party from its obligation to log information

8   redacted under a claim of privilege in compliance with FRCP 26(b)(5)(A) or to otherwise

9   provide information required under the rule so that the claim of privilege may be evaluated.

10      • **Non-Waiver.**  Pursuant to Rule 502(d) of the Federal Rules of Evidence

11  ("FRE"), nothing in this Order shall require disclosure of Privileged Information, and the

12  production of Privileged Information is not a waiver of the privilege or protection from

13  discovery in this case or in any other federal or state proceeding. This Order shall be

14  interpreted to provide the maximum protection allowed by FRE 502(d).  The provisions of

15  FRE 502(b) <u>do not</u>  apply.

16          i.      This Order will not serve to limit a party's right to conduct a review

17  of Documents, ESI or information (including metadata) for relevance, responsiveness

18  and/or segregation of Privileged Information before production.

19          ii.     FRCP 26(b)(5)(B) governs the proper procedure for the notification

20  and return of Privileged Information when identified by the Producing Party.

- **Logging Procedures**

    i.      Documents withheld or redacted based upon a claim of privilege (or subject to a recognized immunity from discovery) shall be included on a privilege log that complies with FRCP 26(b)(5)(A).

    ii.     However, the parties will not be required to log privileged communications with outside counsel of record or attorney work product dated after September 23, 2022. All other documents withheld under a claim of privilege should be logged.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 31, 2023

COOLEY LLP                                    CORR CRONIN LLP


 s/ Jeffrey Lombard                            s/ Steven W. Fogg
Jeffrey Lombard, WSBA No. 50260               Steven W. Fogg, WSBA No. 23528
1700 Seventh Avenue                           Todd T. Williams, WSBA No. 45032
Suite 1900                                    Eric A. Lindberg, WSBA No. 43596
Seattle, WA 98101-1355                        1015 Second Avenue, Floor 10
(206) 452-8796 Phone                          Seattle, Washington  98104-1001
(206) 452-8800 Fax                            (206) 625-8600 Phone
jlombard@cooley.com                           (206) 625-0900 Fax
                                              sfogg@corrcronin.com
Adam S. Gershenson (Mass. Bar No. 671296)     twilliams@corrcronin.com
(Pro hac vice)                                elindberg@corrcronin.com
500 Boylston Street
14th Floor                                    Mark P Walters, WSBA No. 30819
Boston, MA 02116-3736                         Mitchell D. West, WSBA No. 53103
(617) 937 2379 Phone                          LOWE GRAHAM JONES PLLC
(617) 937 2400 Fax                            1325 Fourth Avenue, Suite 1130
agershenson@cooley.com                        Seattle, WA  98101
                                              (206) 381-3300 Phone
Adam Pivovar (D.C. Bar No. 1015247)           (206) 381-3301 Fax
(Pro hac vice)                                walters@lowegrahamjones.com
1299 Pennsylvania Ave. NW                      west@lowegrahamjones.com
Suite 700

Washington, D.C. 20004-2400                *Attorneys for Defendant Nexeon Limited*
Telephone: (202) 842-7889
Fax: (202) 842-7899
Email: apivovar@cooley.com

*Attorneys for Plaintiff*
*Group14 Technologies, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

state proceeding, constitute a waiver by the producing party of any privilege applicable to those

documents, including the attorney-client privilege, attorney work-product protection, or any other

privilege or protection recognized by law.


DATED:___February 1, 2023_____


_____
Hon. Thomas S. Zilly
United States District Court Judge

**APPENDIX A**

**METADATA FIELDS**

1. **BegBates** -- Beginning Bates number.

2. **EndBates** -- Ending Bates number.

3. **BegAttach** -- Bates number of the first page of a Family range.

4. **EndAttach** -- Bates number of the last page of a Family range.

5. **ParentID** – Parent Bates number, populated only for child records.

6. **PageCount** -- Number of pages in a document.

7. **FileExtension** -- Original file extension as the document was maintained in the ordinary course.

8. **FileSize** -- File size in bytes.

9. **DocTitle** -- document title as stored in file metadata or a cloud repository.

10. **DocSubject** -- Any value populated in the Subject field of the document properties.

11. **Custodian** -- Primary custodian full name.

12. **AllCustodians** -- All custodians from whom a copy of a document was collected.

13. **Author** -- document author information for non-email.

14. **Company** -- File company information.

15. **Email From**

16. **Email To**

17. **Email CC**

18. **Email BCC**

19. **Email Subject**

20. **IntMsgID**

21. **Attachments** -- Name of attached file(s) as maintained in the ordinary course of business.

22. **DateCreated** -- File date and time created as extracted from the Native File.

23. **DateModified** -- File date and time modified as extracted from the Native File.

24. **DateLastAccessed** -- File date and time accessed as extracted from the Native file.

25. **DateLastPrinted** -- File date and time last printed as extracted from the Native file.

26. **DateLastSaved** -- File date and time last saved as extracted from the Native File.

27. **DateSent** -- Email date and time sent.

28. **DateReceived** -- Email date and time received.

29. **FileName** -- Name of the file as maintained in the ordinary course of business with extension.

30. **FilePath** -- The full path to the original location of the file as maintained in the ordinary course of business.

31. **DupFilePaths** -- FilePath information for files removed via deduplication.

32. **Hash** -- The hash value generated at processing.

33. **TextPath** -- The path to the text file for each record in the production volume, including filename.

34. **NativePath** -- The path to the Native Format file on the delivery media, including the file name (if a NativeFormat file is provided).