1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GROUP14 TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXEON LIMITED, <br><br> Defendant. | C22-1354 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Nexeon Limited's ("Nexeon") motion to dismiss, docket no. 13, is DENIED. In their motion, Nexeon moves to dismiss Group14 Technologies, Inc.'s ("Group14") complaint in its entirety. Nexeon argues that Group14 has not adequately pled a claim for theft of trade secrets under either the 18 U.S.C. § 1839 Defend Trade Secrets Act (the "DTSA") or the Wash. Rev. Code Ann. § 19.108.010 Washington Uniform Trade Secrets Act (the "WUTSA"), a claim for breach of contract, or a claim for unjust enrichment.

(2) Nexeon asks this Court to take judicial notice of the June 2017 Presentation (docket no. 13 Ex. B) and the WO2017040299 patent (the "'299 patent"). The Court takes judicial notice of these documents' existence and considers them in its ruling, *see Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005), but does not accept their assertions as true.

(3) Regarding Group14's trade secrets allegations under the DTSA and WUTSA, Group14 adequately "identif[ies] the trade secret with sufficient particularity . . . to permit the defendant to ascertain at least the boundaries within which the secret lies." *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169, 1178 (W.D.

MINUTE ORDER - 1

Wash. 2019). The complaint identifies the trade secrets as (i) how Group14 uses porous carbon properties to support optimal silicon properties in battery cell stability and performance; (ii) how Group14 optimized the Si-C composition, such as silicon loading and the location of silicon within the composite material; (iii) the methods for determining the optimal Si-C composite; and (iv) the manufacturing processes for creating the Si-C composite, which allows for Si-C optimization as battery electrode material. Compl. ¶ 33 (docket no. 1). Nexeon's arguments to the contrary are without merit.[1]

(4) Group14 also adequately alleges the secrecy of its intellectual property and how that secrecy provides Group14 with an economic advantage. *See Blackstone Int'l, Ltd. v. E2 Ltd.,* No. C20-1686 TSZ, 2022 WL 16553034, at *9 n.14 (W.D. Wash. Oct. 31, 2022). Group14 made Nexeon sign a nondisclosure agreement ("NDA") before it permitted Nexeon to learn about the technology, and neither party contests that the secrecy of these items would provide Group14 with an economic advantage. Compl. ¶¶ 28–36. Although Nexeon argues that some of these items are no longer secret because of the '299 patent's publication, whether, and to what extent, the '299 patent discloses the trade secrets is better left for summary judgment or trial. *See SkinMedica*, 869 F. Supp. 2d at 1194.

(5) Group14 also adequately alleges Nexon's misappropriation of the claimed trade secrets. Compl. ¶¶ 22–36.

---

[1] Nexeon first argues that the complaint, on its face, does not allege the boundaries of the trade secrets with sufficient particularity. The Court disagrees. The complaint serviceably identifies the subject-matter of the trade secret. *See Alta Devices, Inc. v. LG Elecs., Inc.,* 343 F. Supp. 3d 868, 881–82 (N.D. Cal. 2018); *TMX Funding, Inc. v. Impero Techs., Inc*., No. C10-00202, 2010 WL 2509979, at *3 (N.D. Cal. June 17, 2010) (holding that "broad categories" such as "technical information developed as proprietary and confidential products and services" sufficiently identified the trade secrets).
Nexeon next argues that the '299 patent, which covers comparable technology, muddies the waters with regard to the boundaries of Group14's trade secrets claim. Courts often encounter trade secrets claims which are accompanied by patents. *See SkinMedica, Inc. v. Histogen, Inc*., 869 F. Supp. 2d 1176, 1194 (S.D. Cal. 2012) (denying summary judgment because the issue of "whether the [] patent publicly disclosed the . . . trade secret in the correct combination so as to defeat the secrecy of the information is a triable question of fact."). Group14 properly pleads a separation between the intellectual property covered by its patent and the intellectual property which it alleges is a trade secret. Compl. ¶¶ 14, 16, 33. Regardless, any potential coextension of coverage between the trade secret and the '299 patent is an issue for summary judgment or trial. *See id.*; *see also T-Mobile USA, Inc. v. Huawei Device USA, Inc.,* 115 F. Supp. 3d 1184, 1193 (W.D. Wash. 2015).

MINUTE ORDER - 2

(6)  Regarding Group14's breach of contract and unjust enrichment claims, Nexeon argues that these claims should rise or fall along with Group14's trade secrets claim. Mot. at 22 (docket no. 13). Group14's trade secrets claim survives—these claims survive as well.[2]

(7)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of February, 2023.

<u>Ravi Subramanian</u>
Clerk

<u>s/Laurie Cuaresma</u>
Deputy Clerk

---

[2] Group14 also persuasively argues that these claims survive on their own merit. Resp. Br. at 19–22 (docket no. 19 at 21–23).

MINUTE ORDER - 3