UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GROUP14 TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXEON LIMITED, <br><br> Defendant. | C22-1354 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on Plaintiff's motion to dismiss Defendant's counterclaims and strike affirmative defenses, docket no. 34. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

The parties, and the Court, are familiar with the facts of this case. *See* Order (docket no. 27) (denying a motion to dismiss brought by Defendant Nexeon Limited ("Nexeon")). Plaintiff Group14 Technologies, Inc., ("Group14") alleges that Nexeon misappropriated its trade secrets pertaining to the development of Silicon-Carbon ("Si-C") batteries. Compl. ¶ 33 (docket no. 1).

ORDER - 1

After the Court denied Nexeon's motion to dismiss, Nexeon answered the complaint and asserted four counterclaims against Group14: declaratory judgment (Count I), tortious interference (Count II), violation of the Washington Consumer Protection Act ("CPA") (Count III), and actual or attempted monopolization (Count IV). Countercls. ¶¶ 37–66 (docket no. 28). In its counterclaims, Nexeon alleges that it created the technology at issue independently and that Group14 has no basis to assert any of its claims. *See* Countercls. ¶¶ 38, 45, 52, 62. Nexeon posits that Group14 is using this allegedly meritless lawsuit as a lever to keep competitors out of the Si-C battery space. Countercls. ¶¶ 62–71. Said differently, Nexeon avers that this lawsuit is "objectively baseless," and that Group14's conduct in filing and publicizing this allegedly baseless lawsuit amounts to actionable behavior. *See* Countercls. ¶¶ 62–66; *see generally* Answer (docket no. 28) (alleging, among other things, the independent development of the technology at issue and the public nature of Group14's technology).

Nexeon also asserts eight affirmative defenses:

A. Group14's complaint fails to state a claim upon which relief may be granted.

B. Nexeon independently developed the technology as well as any alleged confidential or trade secret information related to the making and using of NSP-2.

C. The alleged confidential and trade secret information alleged to have been misappropriated, used, or disclosed in violation of the non-disclosure agreement is a matter of public record through no fault or action by Nexeon.

D. One or more of Group14's claims are barred by the applicable statute of limitations.

E. Group14 lacks standing to assert one or more claims.

ORDER - 2

      F.      One or more of Group14's claims are barred by latches, estoppel, or acquiescence.

      G.      One or more of Group14's claims are barred by the doctrine of unclean hands.

      H.      Group14's Complaint should be dismissed for failure to join a necessary party, including but limited to EnerG2.

Answer at 36–37.

Group14 first asserts immunity from Nexeon's counterclaims under the *Noerr-Pennington* doctrine. Separately, Group14 moves to dismiss all of Nexeon's counterclaims. Group14 also moves to strike certain of Nexeon's affirmative defenses. Finally, Group14 moves to strike Nexeon's reservation of rights to assert additional affirmative defenses.

**Discussion**

**I.**    **The *Noerr-Pennington* Doctrine**

Group14 first argues that Nexeon's claims are barred by the *Noerr-Pennington* doctrine. Under this doctrine, parties are generally immune from any claim that would subject them to liability for filing a lawsuit. *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993). "[B]ecause it is based on and implements the First Amendment right to petition, the *Noerr–Pennington* doctrine is not limited to the antitrust context, but applies equally in all contexts." *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000). That said, case law has created exceptions to this rule, one of which Nexeon asserts here—the "sham" litigation exception. The *Noerr-Pennington* doctrine does not protect a plaintiff who files objectively baseless claims in a concealed effort to

ORDER - 3

interfere with a competitor's business. *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005). To survive a motion to dismiss, the pleading must allege, among other things, "that the suit is objectively baseless," and is "merely an attempt to stifle competition." *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1063 (9th Cir.1998).

Nexeon has sufficiently pleaded in its counterclaims that Group14's pre-suit allegations are both objectively baseless and an attempt to stifle competition, and thus a "sham." *See* Countercls. ¶¶ 31–36 (detailing the independent methods by which Nexeon developed the technology and clearing the technology's use with Group14); *see also id.* ¶ 49 (alleging subjective intent to interfere with Nexeon's business). The Ninth Circuit has held that "[w]hether something is a genuine effort . . . or a mere sham [for *Noerr–Pennington* purposes], is a question of fact." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1253 (9th Cir. 1982). "Thus, courts rarely award *Noerr–Pennington* immunity at the motion to dismiss stage, where the Court must accept as true the non-moving party's well-pleaded allegations." *Sonus Networks, Inc. v. Inventergy, Inc.*, No. 15-0322, 2015 WL 4539814, at *2 (N.D. Cal. July 27, 2015); *see also Netflix, Inc. v. Blockbuster, Inc.*, No. 06–02361, 2006 WL 2458717, at *7–8 (N.D. Cal. Aug. 22, 2006) (denying Federal Rule of Civil Procedure 12(b)(6) motion brought pursuant to *Noerr–Pennington* because "[i]f the above allegations [about objective baselessness] are proven true, plaintiff may demonstrate the requisite abuse . . . to succeed on a sham-litigation claim"). Group14's motion as to the *Noerr-Pennington* doctrine is DENIED.

ORDER - 4

## II. Motion to Dismiss

Group14 moves to dismiss Nexeon's counterclaims for declaratory judgment,[1] tortious interference, attempted or actual monopolization, and a violation of the CPA. Although a pleading challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must indicate more than mere speculation of a right to relief. *Id.* When the pleading fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. The pleading may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the allegations and draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the counterclaims sufficiently state a "plausible" ground for relief. *See Twombly*, 550 U.S. at 570. If the Court dismisses a counterclaim or portions thereof,

---

[1] Nexeon improperly pleads an action for declaratory judgment because declaratory judgment is a form of relief, not a cause of action. *See Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017). The declaratory judgment claim also is duplicative of Nexeon's other claims. *See Segar v. Allstate Fire & Cas. Ins. Co.*, No. C21-1526, 2022 WL 102035, at *8 (W.D. Wash. Jan. 11, 2022). Group14's motion to dismiss is GRANTED as it relates to Nexeon's declaratory judgment counterclaim (Count I), and this counterclaim is DISMISSED with prejudice.

ORDER - 5

it must consider whether to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### A.  Tortious Interference

To establish tortious interference with a contractual relationship or business expectancy, Nexeon must prove: (i) the existence of a valid contractual relationship or business expectancy; (ii) Group14's knowledge of that relationship; (iii) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (iv) Group14's interference had an improper purpose or used an improper means; and (v) resultant damage. *See Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 157, 930 P.2d 288, 300 (1997). "Exercising in good faith one's legal interests is not improper interference." *Id.*

As Nexeon's brief seems to recognize, Nexeon has failed to identify the third parties involved in its contractual relationships. *Stuc-O-Flex Int'l, Inc. v. Low & Bonar, Inc.*, No. 18-cv-01386, 2019 WL 4688803, at *6 (W.D. Wash. Sept. 26, 2019) (explaining that a tortious interference claim "must [] fail" where claimant "does not identify any specific customers or contracts that [the opposing party] purportedly interfered with"); *see also* Resp. at 8 (docket no. 37). Nexeon promises to amend its counterclaim to include additional factual content if given leave to do so. *Id.* Group14's motion is therefore GRANTED, and Nexeon's counterclaim for tortious interference (Count II) is DISMISSED without prejudice and with leave to amend.

ORDER - 6

## B.   Actual or Attempted Monopolization

To state a claim for actual monopolization, a party must allege (i) monopoly power in the relevant markets; (ii) that such power was willfully acquired or maintained through exclusionary conduct; and (iii) that the conduct caused antitrust injury. *Am. Pro. Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Pro. Publ'ns, Inc.*, 108 F.3d 1147, 1151 (9th Cir. 1997). Here, Nexeon's counterclaim fails to fulfill the first element of the test. Nexeon's only allegation that Group14 possesses monopoly power is the bare recitation that Group14 "has monopoly power." Countercls. ¶ 61. Nexeon must plead more than conclusory allegations to survive a motion to dismiss. Group14's motion as to actual monopolization is GRANTED.

To state a claim for attempted monopolization, a party must allege "(1) specific intent to control prices or destroy competition; (2) predatory or anticompetitive conduct directed at accomplishing that purpose; (3) a dangerous probability of achieving 'monopoly power' and (4) causal antitrust injury." *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1032 (W.D. Wash. 2019) (quoting *Rebel Oil Co. v. Atl. Ritchfield Co.*, 51 F.3d 1421, 1432–33 (9th Cir. 1995)). According to the United States Supreme Court, "a specific intent to monopolize" is an essential element of an attempted monopolization claim. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993). Accordingly, "[t]o state a claim for . . . [an] attempt to monopolize, [a party] must set forth facts to support the element of specific intent to monopolize." *Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*, No. 04CV1136, 2006 WL 6667002, at *9 (S.D. Cal. Jan. 5, 2006).

ORDER - 7

Once again, Nexeon offers only conclusory allegations. To support the inference for specific intent, Nexeon pleads only that Group14 "acted with specific intent to eliminate Nexeon as a competitor." Countercls. ¶ 63 (docket no. 28). That conclusory allegation does not suffice, and Group14's motion as to attempted monopolization is GRANTED.  Nexeon's counterclaim for actual or attempted monopolization (Count IV) is DISMISSED without prejudice and with leave to amend.

### C. CPA

To establish a violation of the CPA, a private party must prove: (i) the defendant engaged in an unfair or deceptive act or practice; (ii) such act or practice occurred within in the conduct of a trade or business commerce; (iii) such act or practice affected the public interest; (iv) the party suffered an injury to his or her business or property; and (v) a causal relationship exists between the defendant's act or practice and the party's injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785–93, 719 P.2d 531 (1986). Whether conduct constitutes an unfair or deceptive trade practice within the meaning of the CPA constitutes a question of law. *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104, 114, 22 P.3d 818 (2001). To qualify, the alleged act must have had the "capacity to deceive a substantial portion of the public." *Hangman Ridge*, 105 Wn.2d at 785. Group14 challenges the public interest element of this claim.

Without the survival of the antitrust claim, Nexeon alleges no behavior that conceivably could concern the public interest.[2] Nexeon offers no evidence that others have been or will be injured in exactly the same fashion. *See Sloan v. Thompson*, 128 Wn. App. 776, 792, 115 P.3d 1009 (2005) ("[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same that changes the factual pattern from a private dispute to one that affects the public interest." (quoting *Hangman Ridge*, 105 Wn.2d at 790–91)). Group14's motion is GRANTED as to its counterclaim under the CPA (Count III), and the counterclaim is DISMISSED without prejudice and with leave to amend.

### III.  Motion to Strike Affirmative Defenses

Group14 moves to strike six of Nexeon's affirmative defenses: failure to state a claim, independent development, statute of limitations, standing, laches, and unclean hands. Group14 also asks the Court to strike Nexeon's reservation of rights language. Under Rule 12(f), a district court may strike from a pleading an insufficient defense to "avoid the expenditure of time and money that must arise from litigating spurious issues . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A defense

---

[2] Nexeon's reliance on *Seven Gables Corp. v. Sterling Recreation Organization Co.*, No. C84-1057, 1987 WL 56622 (W.D. Wash. June 25, 1987), is unavailing. *Seven Gables* espoused, as Nexeon does here, that the CPA does not require that the alleged conduct had the capacity to deceive a substantial portion of the public. *Id.* at *10. *Husky International Trucks v. Navistar, Inc.*, No. 10-cv-5409, 2010 WL 4053082 (W.D. Wash. Oct. 14, 2010), specifically rejected that proposition. There, the *Husky* Court reviewed "Washington Supreme Court decisions . . . Ninth Circuit [law and] . . . a plain reading of the statute" to conclude that "*Seven Gables* is incorrect and [] the 'substantial portion of the public test' applies to all claims brought under [RCW] 19.86.020." *Id.* at *5. This Court agrees with the *Husky* Court—the language of the statute, and the body of Washington case law, necessitates a public interest hook in all CPA cases.

ORDER - 9

1  is insufficient unless it gives "fair notice of the defense . . . supported by at least some
2  facts indicating the grounds on which the defense is based[.]" *Id.*

3  Nexeon's "failure to state a claim" affirmative defense is improper and must be
4  STRICKEN with prejudice. *See Tollefson v. Aurora Fin. Grp., Inc.*, No. 20-cv-0297,
5  2021 WL 462689, at *3 (W.D. Wash. Feb. 9, 2021). Nexeon's "statute of limitations"
6  affirmative defense does not allege "which statute(s) of limitations it is relying upon,
7  what cause(s) of action are barred, the date after which such bar became effective, and
8  some factual allegations concerning why the limitations period has expired." *Id.* Nexeon
9  might be able to correct this error on amendment, but its statute of limitations affirmative
10 defense is not well pleaded at this time and is STRICKEN without prejudice. Regarding
11 Nexeon's "standing" affirmative defense, "an alleged lack of standing cannot be pled as
12 an affirmative defense." *Johnson v. Providence Health & Servs.*, No. 17-cv-1779, 2018
13 WL 2289331, at *1 (W.D. Wash. May 18, 2018) (granting motion to strike) (citing
14 *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015)). Nexeon's
15 "standing" affirmative defense is STRICKEN with prejudice. Otherwise, Nexeon
16 properly pleads the affirmative defenses at issue (independent development, laches, and
17 unclean hands) and thus puts Group14 on notice. As such, Group14's motion as to
18 Nexeon's affirmative defenses is otherwise DENIED.

19 **Conclusion**

20  For the foregoing reasons, the Court ORDERS:

21  (1)  Group14's motion as to the *Noerr-Pennington* doctrine is DENIED.

22  (2)  Group14's motion to dismiss, docket no. 34, is GRANTED as follows:

23

   a. The motion is GRANTED as to Group14's counterclaim for declaratory judgment (Count I), and Count I is DISMISSED with prejudice; and

   b. Group14's motion as to tortious interference (Count II), the CPA (Count III), and actual or attempted monopolization (Count IV) is GRANTED, and these counterclaims are DISMISSED without prejudice and with leave to amend.

 (3) Group14's motion to strike Nexeon's affirmative defenses is GRANTED as to "failure to state a claim" and "standing," and these affirmative defenses are STRICKEN with prejudice.  The motion is further GRANTED as to "statute of limitations," and that affirmative defense is STRICKEN without prejudice and with leave to amend. Group14's motion is otherwise DENIED.

 (4) Nexeon shall file any amended counterclaims within fourteen (14) days of this Order. Group14 shall file any responsive pleadings or motions within fourteen (14) days thereafter.

 (5) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 23rd day of May, 2023.

Thomas S. Zilly
United States District Judge

ORDER - 11